**ATTACHMENT A**

**FILED**

RETURN COPY

JAN 11 2022

KIMBERLY A. ALLEN
GRANT COUNTY CLERK

1
2
3
4
5
6
7
8
9
10
11
12      SUPERIOR COURT OF THE STATE OF WASHINGTON
13                FOR GRANT COUNTY
14
15
16   OREGON POTATO COMPANY, a              NO.   22-2-00019-13
17   Washington corporation,
18                                          COMPLAINT FOR DECLARATORY
19              Plaintiff,                  RELIEF, BREACH OF CONTRACT, BAD
20                                          FAITH, VIOLATION OF THE
21        v.                                CONSUMER PROTECTION ACT, AND
22                                          VIOLATION OF THE UNFAIR CLAIMS
23   KINSALE INSURANCE COMPANY, a           SETTLEMENT PRACTICE ACT
24   foreign corporation,
25
26              Defendant.
27
28
29
30        Plaintiff Oregon Potato Company ("OPC") alleges as follows:
31
32                          **INTRODUCTION**
33
34        1.    **Summary of Action**. This is an action for declaratory judgment, breach of
35
36   contract, and bad faith seeking, *inter alia*, a declaration of the rights and duties of OPC and
37
38   Kinsale Insurance Company ("Kinsale") under Policy No. 0100119685-0 ("Policy"). The Policy
39
40   provides excess property insurance coverage to OPC with limits of "$5,000,000 Part of
41
42   $25,000,000 Excess of $25,000,000 Per Occurrence."
43
44
45

COMPLAINT - 1

GORDON | 600 University Street
TILDEN | Suite 2915
THOMAS | Seattle, WA 98101
CORDELL | 206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR GRANT COUNTY

16
17
18
19
20
21
22
23
24
25
26
27

OREGON POTATO COMPANY, a
Washington corporation,

                    Plaintiff,

    v.

KINSALE INSURANCE COMPANY, a
foreign corporation,

                 Defendant.

NO.

COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, BAD
FAITH, VIOLATION OF THE
CONSUMER PROTECTION ACT, AND
VIOLATION OF THE UNFAIR CLAIMS
SETTLEMENT PRACTICE ACT

28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

Plaintiff Oregon Potato Company ("OPC") alleges as follows:

**INTRODUCTION**

1.    **Summary of Action**.  This is an action for declaratory judgment, breach of

contract, and bad faith seeking, *inter alia*, a declaration of the rights and duties of OPC and

Kinsale Insurance Company ("Kinsale") under Policy No. 0100119685-0 ("Policy").  The Policy

provides excess property insurance coverage to OPC with limits of "$5,000,000 Part of

$25,000,000 Excess of $25,000,000 Per Occurrence."

COMPLAINT - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

2.      On January 21, 2021, a massive fire occurred in OPC's facility in Warden, Washington.  OPC timely tendered an insurance claim ("Claim") to Kinsale for the tens of millions of dollars in insured losses it suffered.

3.      Kinsale has paid some of OPC's Claim, but has unreasonably withheld Policy payments and benefits based on a theory that it is liable for only 20% of Kinsale's $25 million excess of $25 million layer of insurance.  Kinsale has also withheld Policy payments and benefits based on an erroneous application of OPC's Statement of Values.  Through this lawsuit, OPC seeks:

(a)      Declaratory relief;

(b)      Damages for breach of Kinsale's contractual duties under the Policy;

(c)      Damages for Kinsale's bad faith and violations of the Washington Consumer Protection Act ("WCPA") and the Washington Unfair Claims Settlement Practices Act, including actual, compensatory, and multiplied damages;

(d)      Pre-judgment and post-judgment interest; and

(e)      Attorneys' fees and costs incurred by OPC in pursuing its insurance claim and prosecuting this action, pursuant to the WCPA and the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991), and its progeny.

### THE PARTIES

4.      **Plaintiff OPC.**  OPC is a corporation organized under the laws of the State of Washington.  OPC is a vegetable processor.  OPC sources from farms located around the state, employs hundreds of Washington residents, and produces millions of pounds of produce for its customers.

COMPLAINT - 2

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

5.    **Defendant Kinsale.**  Kinsale is a foreign insurance company, incorporated under the laws of Arkansas with its principal place of business in Virginia.

## JURISDICTION AND VENUE

6.    **Jurisdiction.**  This Court has subject matter jurisdiction under RCW 2.08.010 and RCW 7.24.020.  It has personal jurisdiction because Kinsale conducts business in Grant County and because the actions and events giving rise to this cause of action occurred in Grant County.

7.    **Venue.**  Venue is proper under RCW 48.05.220, which provides:  "Suits upon causes of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose."  It is also proper under RCW 4.12.025.

## STATEMENT OF FACTS

**The Insurance Policy and the Covered Loss**

8.    The Policy provides property and business income insurance to OPC for a variety of locations.  Among those locations is the warehouse in Warden, where a large fire occurred in January 2021.  The warehouse was totally destroyed and an adjacent storage building was also damaged.  OPC also suffered extra expense and time element/business interruption loss.  There is no dispute the fire is a covered loss and Claim under the Policy.

9.    OPC's property insurance tower contains $50 million in limits.  All of OPC's insurers, except Kinsale (and another insurer, Landmark American Insurance Company) have paid the limits of their policies in response to the Claim.

10.    OPC has presented proof of physical and financial damage that exhausts Kinsale's entire $5 million limit.  Kinsale, however, has paid just $536,416.69 so far, leaving $4,463,583.32 of the $5 million limit unpaid.

COMPLAINT - 3

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

11.    Kinsale has sent no correspondence to OPC explaining the basis in the Policy for

its limited payments.  As best OPC can tell, Kinsale's limited payments are based on its view

that its $5 million limit makes up 20% of the entire $25 million excess of $25 million layer of

insurance, so it owes only 20% of OPC's Claim.  Kinsale is also apparently contending that

OPC's Statement of Values limits recoverable insurance for the destroyed warehouse to

$25.1 million; because OPC's other insurers have already paid $25 million for the warehouse,

OPC believes Kinsale erroneously considers its liability is limited to just $100,000, and then only

20% of $100,000.

12.    On January 10, 2022, OPC sent an IFCA notice to Kinsale.

13.    OPC has complied with any and all conditions precedent to bringing this action.

### FIRST CLAIM:  DECLARATORY JUDGMENT

14.    **Incorporation by Reference.**  The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

15.    **Coverage Under the Policy.**  A real and justiciable controversy exists over the

coverage provided by the Policy, including the scope and extent of coverage and/or benefits.

16.    **Estoppel.**  Kinsale has never articulated any basis for its coverage position in

writing to OPC.  In the event Kinsale seeks to do so, or to add to or change the basis of its denial

of Policy benefits, a real and justiciable controversy exists over whether Kinsale is estopped

from doing so.  These estoppel principles are addressed, *inter alia*, in *Vision One v. Philadelphia

Indem. Ins. Co.*, 174 Wn.2d 501 (2012), *Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, No.

09-CV-01807 RSM, 2012 WL 223904 (W.D. Wash. Jan. 25, 2012), and *Karpenski v. Am. Gen.

Life. Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014).

COMPLAINT - 4

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

17.    **Declaratory Relief.**  OPC is entitled to a declaration by this Court that the full

$5 million is due from Kinsale and that Kinsale is estopped from raising any defenses to

coverage other than as might have been provided prior to the filing of this action or the change in

OPC's financial position taken in reliance on and expectation of Kinsale abiding by the Policy.

### SECOND CLAIM:  BREACH OF CONTRACT

18.    **Incorporation by Reference.**  The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

19.    **Breach of Contract.**  Kinsale breached the contract of insurance at issue by

failing or refusing to pay for the full amount of Policy benefits it owes as a result of the Claim,

misrepresenting the terms of the Policy and/or failing to explain the basis for its limited

payments, and not otherwise discharging its obligations under the Policy.

20.    **Damages.**  As a direct and proximate result of Kinsale's breach of the insurance

contract, OPC has been prejudiced and deprived of the benefits of its insurance coverage under

the Policy.  OPC is entitled to a money judgment against Kinsale for the Claim and any and all

other damages, benefits, and reimbursements to which OPC is entitled under the provisions of

the Policy, plus any and all consequential damages flowing from that breach.

21.    **Additional Damages.**  As another direct and proximate result of Kinsale's

breach, OPC has been forced to incur attorney fees and other expenses in order to prosecute this

action and is entitled to reimbursement of these fees and expenses in accordance with the

principles announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 11 P.2d

673 (1991), and its progeny.

COMPLAINT - 5

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

### INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

22.     **Incorporation by Reference**.  The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

23.     **Duty of Good Faith and Fair Dealing**.  Kinsale owes OPC a statutory and common law duty of good faith and fair dealing.  Pursuant to that duty, Kinsale is obliged to refrain from taking any action that is unreasonable or unfounded.  Kinsale is likewise required to deal fairly with OPC and give equal consideration to (and not put its own interests ahead of) OPC's financial interests.

24.     **Kinsale Acted in Bad Faith**.  Kinsale breached its duty of good faith and fair dealing as set forth in this Complaint, including by unreasonably withholding Policy payments, failing to explain the basis for its limited payments, improperly applying Policy terms, offering trivial and inadequate amounts for OPC's Claim, using the SOV as an excuse for withholding additional payments, failing to fully disclose Policy benefits and coverages, placing its financial interests ahead of OPC's, failing to abide by the Washington Administrative Code, WAC 284-30-330, 350, and 380, and not attempting in good faith to effectuate prompt, fair, and equitable settlements of OPC's Claim.

25.     **Damages**.  As a direct and proximate result of Kinsale's breach of the covenant of good faith and fair dealing, OPC has suffered damages in an amount to be proven at trial.

### SIXTH CLAIM:  VIOLATION OF THE WASHINGTON UNFAIR CLAIMS SETTLEMENT PRACTICES ACT (WAC 284-30, ET SEQ.) AND THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86)

26.     **Incorporation by Reference.**  The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

COMPLAINT - 6

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

27.      **Violation of WAC 284-30,** *et seq.*   Washington has adopted the Unfair Claims

Settlement Practices Act under Chapter 284-30, *et seq.* of the WAC.  Kinsale violated the Unfair

Claims Settlement Practices Act, including separate provisions of WAC 284-30-330, 350, and

380, as described above.

28.      **Damages.**  The violation of one provision of the Unfair Claims Settlement

Practices Act is a *per se* violation of the WCPA, entitling OPC to the exemplary damages,

attorney fees, and costs.  Kinsale also committed non *per se* violations of the WCPA.

**RESERVATION TO ASSERT CLAIMS FOR VIOLATION OF
THE INSURANCE FAIR CONDUCT ACT (RCW 48.30.015)**

29.      **Incorporation by Reference.**  The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

30.      **IFCA Notice.**  On January 10, 2022, OPC filed a 20-day IFCA Notification Sheet

with the Office of the Insurance Commissioner.  This written notice, along with the bases for

OPC's IFCA cause of action, was also provided to Kinsale.  OPC reserves the right to add a

cause of action for IFCA should Kinsale fail to cure its IFCA violations and resolve the bases for

OPC's IFCA claim.

31.      **General Reservation.**  OPC reserves the right to amend this Complaint to add

additional facts and claims as permitted by the Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, OPC prays for the following relief:

**A.**      **Declaratory Judgment.**  That this court declare and decree that Kinsale is liable

for its full $5 million limit of liability.

COMPLAINT - 7

GORDON 
TILDEN 
THOMAS 
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**B.**     **Breach of Contract.**  That this court declare and decree Kinsale breached the

Policy.

**D**.     **Extra Contractual Violations.**  That this court declare and decree Kinsale

breached the covenant of good faith and fair dealing, violated the Washington Administrative

Code 284-30, *et seq.* and the Unfair Claims Settlement Practices Act, and violated the WCPA.

**E.**     **Money Damages.**  That OPC be awarded money damages in its favor and against

Kinsale for the Claim, and any and all other damages, benefits, and reimbursements to which

OPC is entitled under the provisions of the Policy, at common law, or under the WCPA, together

with pre-judgment and post-judgment interest.

**F.**     **Attorneys' Fees and Costs of Suit.**  That OPC be awarded its reasonable

attorneys' fees and costs, including, without limitation, actual attorneys' fees pursuant to

*Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

**G.**     **Other Relief.**  For such further relief as the Court deems just, proper, and

equitable.

DATED this 10th day of January, 2022.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Oregon Potato Company

By _____

Dale L. Kingman, WSBA #07060
Greg D. Pendleton, WSBA #38361
Brendan Winslow-Nason, WSBA #39328
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
dkingman@gordontilden.com
gpendleton@gordontilden.com
bwinslow-nason@gordontilden.com

COMPLAINT - 8

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

Insurance Commissioner
ACCEPTED SOF

FEB 17 2022

TIME: 2pm

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR GRANT COUNTY

| | |
|---|---|
| OREGON POTATO COMPANY, a Washington corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>KINSALE INSURANCE COMPANY, a foreign corporation,<br><br>                Defendant. | NO. 22-2-00019-13<br><br>AMENDED COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, VIOLATIONS OF THE CONSUMER PROTECTION ACT AND THE INSURANCE FAIR CONDUCT ACT, AND VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICE ACT |

Plaintiff Oregon Potato Company ("OPC") alleges as follows:

## INTRODUCTION

1.     **Summary of Action**. This is an action for declaratory judgment, breach of contract, and bad faith seeking, *inter alia*, a declaration of the rights and duties of OPC and Kinsale Insurance Company ("Kinsale") under Policy No. 0100119685-0 ("Policy"). The Policy provides excess property insurance coverage to OPC with limits of "$5,000,000 Part of $25,000,000 Excess of $25,000,000 Per Occurrence."

AMENDED COMPLAINT - 1

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

2.       On January 21, 2021, a massive fire occurred in OPC's facility in Warden, Washington. OPC timely tendered an insurance claim ("Claim") to Kinsale for the tens of millions of dollars in insured losses it suffered.

3.       Kinsale has paid some of OPC's Claim, but has unreasonably withheld Policy payments and benefits based on a theory that it is liable for only 20% of Kinsale's $25 million excess of $25 million layer of insurance. Kinsale has also withheld Policy payments and benefits based on an erroneous application of OPC's Statement of Values. Through this lawsuit, OPC seeks:

(a)    Declaratory relief;

(b)    Damages for breach of Kinsale's contractual duties under the Policy;

(c)    Damages for Kinsale's bad faith and violations of the Washington Consumer Protection Act ("WCPA"), the Insurance Fair Conduct Act ("IFCA"), and the Washington Unfair Claims Settlement Practices Act, including actual, compensatory, and multiplied damages;

(d)    Pre-judgment and post-judgment interest; and

(e)    Attorneys' fees and costs incurred by OPC in pursuing its insurance claim and prosecuting this action, pursuant to the WCPA, IFCA, and the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991), and its progeny.

## THE PARTIES

4.       **Plaintiff OPC.** OPC is a corporation organized under the laws of the State of Washington. OPC is a vegetable processor. OPC sources from farms located around the state, employs hundreds of Washington residents, and produces millions of pounds of produce for its customers.

AMENDED COMPLAINT - 2

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

5.      **Defendant Kinsale.** Kinsale is a foreign insurance company, incorporated under the laws of Arkansas with its principal place of business in Virginia.

## JURISDICTION AND VENUE

6.      **Jurisdiction.** This Court has subject matter jurisdiction under RCW 2.08.010 and RCW 7.24.020.  It has personal jurisdiction because Kinsale conducts business in Grant County and because the actions and events giving rise to this cause of action occurred in Grant County.

7.      **Venue.** Venue is proper under RCW 48.05.220, which provides: "Suits upon causes of action arising within this state against an insurer upon an insurance contract shall be brought in the county where the cause of action arose."  It is also proper under RCW 4.12.025.

## STATEMENT OF FACTS

8.      The Policy provides property and business income insurance to OPC for a variety of locations.  Among those locations is the warehouse in Warden, where a large fire occurred in January 2021.  The warehouse was totally destroyed and an adjacent storage building was also damaged.  OPC also suffered extra expense and time element/business interruption loss.  There is no dispute the fire is a covered loss and Claim under the Policy.

9.      OPC's property insurance tower contains $50 million in limits.  All of OPC's insurers, except Kinsale (and another insurer, Landmark American Insurance Company) have paid the limits of their policies in response to the Claim.

10.     OPC has presented proof of physical and financial damage that exhausts Kinsale's entire $5 million limit.  Kinsale, however, has paid just $536,416.69 so far, leaving $4,463,583.32 of the $5 million limit unpaid.

11.     Up until February 11, 2022, Kinsale sent no correspondence to OPC explaining the basis in the Policy for its limited payments.  As best OPC can tell, Kinsale's limited

AMENDED COMPLAINT - 3

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

payments are based on its view that its $5 million limit makes up 20% of the entire $25 million

excess of $25 million layer of insurance, so it owes only 20% of OPC's Claim. Kinsale is also

apparently contending that OPC's Statement of Values limits recoverable insurance for the

destroyed warehouse to $25.1 million; because OPC's other insurers have already paid

$25 million for the warehouse, OPC believes Kinsale erroneously considers its liability is limited

to just $100,000, and then only 20% of $100,000.

12.    On January 10, 2022, OPC sent an IFCA notice to Kinsale.

13.    On February 11, 2022, Kinsale responded to the IFCA notice but did not cure its

IFCA violations.

14.    OPC has complied with any and all conditions precedent to bringing this action.

### FIRST CLAIM:  DECLARATORY JUDGMENT

15.    **Incorporation by Reference.**  The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

16.    **Coverage Under the Policy.**  A real and justiciable controversy exists over the

coverage provided by the Policy, including the scope and extent of coverage and/or benefits.

17.    **Estoppel.**  Kinsale did not articulate any basis for its coverage position in writing

to OPC prior to this suit being filed.  On February 11, 2022, after this suit was filed, Kinsale sent

OPC a response to OPC's IFCA notice; in that response, Kinsale attempted to justify its limited

payments to OPC based on an "Occurrence Limit of Liability Endorsement."  Kinsale's

interpretation of that endorsement is incorrect.  It is also untimely insofar as it represents a

belated attempt by Kinsale to raise a defense to coverage, or to add to or change the basis of its

denial of benefits.  A real and justiciable controversy exists over whether Kinsale is estopped

from raising, adding to, or changing the basis for its denial of benefits.  These estoppel principles

AMENDED COMPLAINT - 4

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

are addressed, *inter alia*, in *Vision One v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501 (2012),

*Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, 2012 WL 223904 (W.D. Wash. Jan. 25,

2012), and *Karpenski v. Am. Gen. Life. Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014).

18.    **Declaratory Relief.** OPC is entitled to a declaration by this Court that the full

$5 million is due from Kinsale and that Kinsale is estopped from raising any defenses to

coverage other than as might have been provided prior to the filing of this action or the change in

OPC's financial position taken in reliance on and expectation of Kinsale abiding by the Policy.

## SECOND CLAIM:  BREACH OF CONTRACT

19.    **Incorporation by Reference.** The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

20.    **Breach of Contract.** Kinsale breached the contract of insurance at issue by

failing or refusing to pay for the full amount of Policy benefits it owes as a result of the Claim,

misrepresenting the terms of the Policy and/or failing to explain the basis for its limited

payments, and not otherwise discharging its obligations under the Policy.

21.    **Damages.** As a direct and proximate result of Kinsale's breach of the insurance

contract, OPC has been prejudiced and deprived of the benefits of its insurance coverage under

the Policy.  OPC is entitled to a money judgment against Kinsale for the Claim and any and all

other damages, benefits, and reimbursements to which OPC is entitled under the provisions of

the Policy, plus any and all consequential damages flowing from that breach.

22.    **Additional Damages.** As another direct and proximate result of Kinsale's

breach, OPC has been forced to incur attorney fees and other expenses in order to prosecute this

action and is entitled to reimbursement of these fees and expenses in accordance with the

AMENDED COMPLAINT - 5

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

principles announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 11 P.2d 673 (1991), and its progeny.

## INSURANCE BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

23.     **Incorporation by Reference**. The allegations of the preceding paragraphs are incorporated by reference, as if fully set forth herein.

24.     **Duty of Good Faith and Fair Dealing**. Kinsale owes OPC a statutory and common law duty of good faith and fair dealing. Pursuant to that duty, Kinsale is obliged to refrain from taking any action that is unreasonable or unfounded. Kinsale is likewise required to deal fairly with OPC and give equal consideration to (and not put its own interests ahead of) OPC's financial interests.

25.     **Kinsale Acted in Bad Faith**. Kinsale breached its duty of good faith and fair dealing as set forth in this Complaint, including by unreasonably withholding Policy payments, failing to explain the basis for its limited payments, improperly applying Policy terms, offering trivial and inadequate amounts for OPC's Claim, using the SOV as an excuse for withholding additional payments, failing to fully disclose Policy benefits and coverages, placing its financial interests ahead of OPC's, failing to abide by the Washington Administrative Code, WAC 284-30-330, 350, and 380, and not attempting in good faith to effectuate prompt, fair, and equitable settlements of OPC's Claim.

26.     **Damages**. As a direct and proximate result of Kinsale's breach of the covenant of good faith and fair dealing, OPC has suffered damages in an amount to be proven at trial.

AMENDED COMPLAINT - 6

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## SIXTH CLAIM: VIOLATION OF THE WASHINGTON
## UNFAIR CLAIMS SETTLEMENT PRACTICES ACT (WAC 284-30, ET SEQ.)
## AND THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86)

27.     **Incorporation by Reference.** The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

28.     **Violations of WAC 284-30 and the WCPA.** Washington has adopted the Unfair

Claims Settlement Practices Act under Chapter 284-30, *et seq.* of the WAC.  Kinsale violated the

Unfair Claims Settlement Practices Act, including separate provisions of WAC 284-30-330, 350,

and 380, as described above.  The violation of one provision of the Unfair Claims Settlement

Practices Act is a *per se* violation of the WCPA, entitling OPC to the exemplary damages,

attorney fees, and costs.  Kinsale also committed non *per se* violations of the WCPA.

29.     **Damages.** As a direct and proximate cause of Kinsale's conduct, OPC has

suffered damages in an amount to be established at trial.

## SEVENTH CLAIM: VIOLATION OF THE
## INSURANCE FAIR CONDUCT ACT (RCW 48.30.015)

30.     **Incorporation by Reference.** The allegations of the preceding paragraphs are

incorporated by reference, as if fully set forth herein.

31.     **IFCA Notice.** On January 10, 2022, OPC filed a 20-day IFCA Notification Sheet

with the Office of the Insurance Commissioner.  This written notice, along with the bases for

OPC's IFCA cause of action, was also provided to Kinsale.  On February 11, 2022, Kinsale

responded to the IFCA notice but did not cure its IFCA violations.

32.     **Violations of IFCA.** Kinsale has unreasonably denied OPC's Claim for coverage

and payment of Policy benefits and has violated WAC 284-30 *et seq.* as described above.

AMENDED COMPLAINT - 7

GORDON | 600 University Street
TILDEN | Suite 2915
THOMAS | Seattle, WA 98101
CORDELL | 206.467.6477

Kinsale's actions are violations of IFCA, entitling OPC to actual, compensatory, and multiplied damages, attorney fees, and costs.

33.    **Damages.** As a direct and proximate cause of Kinsale's conduct, OPC has suffered damages in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, OPC prays for the following relief:

A.    **Declaratory Judgment.** That this court declare and decree that Kinsale is liable for its full $5 million limit of liability.

B.    **Breach of Contract.** That this court declare and decree Kinsale breached the Policy.

D.    **Extra Contractual Violations.** That this court declare and decree Kinsale breached the covenant of good faith and fair dealing, violated the Washington Administrative Code 284-30, *et seq.* and the Unfair Claims Settlement Practices Act, and violated the WCPA and IFCA.

E.    **Money Damages.** That OPC be awarded money damages in its favor and against Kinsale for the Claim, and any and all other damages, benefits, and reimbursements to which OPC is entitled under the provisions of the Policy, at common law, and/or under the WCPA and IFCA, together with pre-judgment and post-judgment interest.

F.    **Attorneys' Fees and Costs of Suit.** That OPC be awarded its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

G.    **Other Relief.** For such further relief as the Court deems just, proper, and equitable.

AMENDED COMPLAINT - 8

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

DATED this 15th day of February, 2022.

**GORDON TILDEN THOMAS & CORDELL** LLP
Attorneys for Plaintiff Oregon Potato Company

By _____

Dale L. Kingman, WSBA #07060
Greg D. Pendleton, WSBA #38361
Brendan Winslow-Nason, WSBA #39328
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
dkingman@gordontilden.com
gpendleton@gordontilden.com
bwinslow-nason@gordontilden.com

AMENDED COMPLAINT - 9

GORDON | 600 University Street
TILDEN | Suite 2915
THOMAS | Seattle, WA 98101
CORDELL | 206.467.6477